[No. 9354. Department One.—August 1, 1885.]

# W. L. SULLIVAN, APPELLANT, v. FREDERICK MIER ET AL., RESPONDENTS.

STREET ASSESSMENT IN SACRAMENTO—FORECLOSURE UNDER ACT OF MARCH 16, 1864—PLAINTIFF—JUDGMENT.—The people of the State of California, and not the city of Sacramento, is the proper plaintiff in an action brought under the Act of March 16, 1864, to foreclose a street assessment in the city of Sacramento. If such an action be brought in the name of the city as plaintiff, the judgment therein is void, although rendered in favor of the people of the State as well as the city.

ID.—ACT OF MARCH 16, 1864, CONSTITUTIONAL.—The provision of the Act of March 16, 1864, requiring the action to be brought in the name of the people of the State of California, is constitutional.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The facts are stated in the opinion.

*E. N. Martin,* and *L. S. Taylor,* for Appellant.

*Wallace & Hastings,* for Respondents.

FOOTE, C.—In the trial court, the plaintiff W. L. Sullivan sued Fred Mier and Conrad Zwickel in an action of ejectment for a lot of land in the city of Sacramento.

The plaintiff introduced in evidence, as part of his chain of title, a judgment roll and a sheriff's deed.

The judgment roll disclosed the fact that the complaint was filed and summons issued on the 22d day of July, 1864; that the action was commenced on that day. The action was for a delinquent street assessment due the city of Sacramento. The law by virtue of which such actions could be brought is to be found on page 183 of the Legislative Acts of 1863–64, of date March 16, 1864, so that the action under discussion was of necessity governed in its proceedings by the Act of March 16, 1864, above referred to.

Upon examination it is discovered that the provisions of that law required in all cases that the complaint should name the people of the State of California as plaintiffs, and not the city of Sacramento. It will be found also that this act was in relation to suits of a special character, viz.: "For municipal or levee taxes or street assessments. (See § 2 of said act.)

The action for delinquent street assessment, by virtue of the proceedings in which, and the judgment had and made therein, the plaintiff in the action of ejectment now on appeal here claimed title to the premises involved in that action, was not brought in the name of the people of the State of California as plaintiffs, but was brought in the name of the city of Sacramento, as the complaint, a part of the judgment roll therein, unmistakably shows; nor does it appear anywhere upon the record that any other party was ever legally joined with the city of Sacramento as plaintiff. The cause then proceeded to judgment, and the judgment or decree of foreclosure and order of sale in the action was entered in favor of the people of the State of California and the city of Sacramento as plaintiffs. If the court which rendered this judgment or decree and order of sale had no jurisdiction to do so, then they were void.

The action was a special one in its nature, and this court said in *Richardson* v. *Tobin*, 45 Cal. 30, which was an action for a street assessment: "The counsel for the defendant also raises the point that it was not within the constitutional power of the legislature to prescribe the requirements of a complaint in this class of actions. But we apprehend the counsel does not seriously urge this point, after the admission in his reply brief that 'after the most thorough investigation of all the works on constitutional law, and of the latest digests, there can be found no law limiting the powers of the legislature to regulate the pleadings' in cases like the present."

The law which prescribed in what name such an action should be brought, and which prohibited a certain corporation, viz., the city of Sacramento from being named as plaintiff, was constitutional.

But the sixth District Court of the State of California, sitting in and for the county of Sacramento, rendered a judgment or decree and order of sale in the tax assessment suit in favor both of the city of Sacramento, which was alone a party plaintiff to the action, and also in favor of the people of the State of California, who never were in any way legally made parties to the suit.

If the judgment or decree and order of sale had been in favor of the city of Sacramento alone, following the complaint in the

action which named said city only as plaintiff, they would have been void, because the court could by law entertain such suit only when brought in the name of the people of the State of California; but it went further; it not only rendered a decree and made an order of sale in favor of the city of Sacramento when it had no jurisdiction of such an action, unless brought in such plaintiff's name as the Act of March 16, 1864, prescribed; it joined in said decree of foreclosure and order of sale the people of the State of California as plaintiffs, when such plaintiffs have never been made by any legal steps parties to that action, thus attempting to render a judgment against a defendant in favor of a plaintiff who had never instituted an action against him.

From this it follows that the decree of foreclosure and order of sale through which the plaintiff claimed title are utterly void, as is the deed of the sheriff thereunder.

"The purchaser at a sale on execution under a void judgment finds himself without title." (Freeman on Executions, § 20; *Emeric* v. *Alvarado*, 64 Cal. 590.)

The conveyances which the plaintiff introduced in evidence as mesne conveyances subsequent to the void sheriff's deed of course conveyed no title, being based upon that deed.

There are other errors alleged to have taken place on the trial below, but we need not notice them, since the plaintiff, by his own evidence, has shown his title to have no existence.

The judgment and order denying the motion for new trial in this case ought to be affirmed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion the judgment and order are affirmed.

Hearing in Bank denied.