[Civ. No. 11004. First Appellate District, Division Two.—March 20, 1939.]

SAMUEL M. SAMTER, as Executor, etc., Respondent, v. KLOPSTOCK REALTY CO. (a Corporation) et al., Appellants.

Joseph T. O'Connor and Leo R. Friedman for Appellants.

II. U. Brandenstein for Respondent.

SPENCE, J.—Plaintiff, as the executor of the will of Grace E. Klopstock, deceased, brought this action against the de-

fendants Klopstock Realty Co., a corporation, Frederick Klopstock, Samuel Klopstock and David Klopstock. The defendants interposed a demurrer which was overruled and the cause proceeded to trial before the court sitting without a jury. The trial court entered judgment in favor of the ''Estate of Isaac D. Klopstock, deceased, and the personal representative of said deceased and said estate'' and against defendants Frederick Klopstock and Samuel Klopstock for sums aggregating approximately $25,000. The trial court further entered judgment in favor of the defendant David Klopstock. This appeal is taken from all portions of said judgment except the portion in favor of defendant David Klopstock.

The facts out of which this litigation arose may be briefly stated. In doing so, we may omit any reference to defendant David Klopstock as he was never a partner in the partnership or a stockholder in the corporation hereinafter mentioned. For many years three brothers, Isaac, Frederick and Samuel Klopstock were partners in a partnership known as Klopstock Bros. Said partnership was engaged in a manufacturing business. In 1926, they organized the defendant corporation, the Klopstock Realty Co., and transferred their joint real estate holdings to the corporation including the premises on which the partnership conducted its business. The brothers were equal owners of all of the issued stock of the corporation and constituted the board of directors thereof. The partnership and the corporation continued to do business thereafter and each of the three brothers drew a salary of $750 per month, apportioned $500 from the partnership and $250 from the corporation. The partnership was not charged any rental by the corporation for the use of the premises occupied by the partnership. Isaac became incapacitated in 1928, but his monthly salary of $250 per month was paid by the corporation until 1930. In that year, Frederick and Samuel decided that the salary payments to Isaac should cease but Frederick and Samuel continued to draw $250 per month each as salary from the corporation. In 1933, Isaac died and his will was admitted to probate. Grace E. Klopstock, the wife of Isaac, and Frederick were appointed executors of the will of Isaac D. Klopstock, deceased, and served as such until the death of Grace Klopstock in 1935. Thereafter plaintiff was appointed

executor of the will of Grace E. Klopstock, deceased, and he brought this action. Frederick continued to act as executor of the will of Isaac D. Klopstock, deceased, after the death of said Grace E. Klopstock and the estate is still in probate.

The complaint alleged the dissolution of the partnership in 1933 by reason of the death of Isaac and sought recovery from Frederick and Samuel of the reasonable value of the use by Frederick and Samuel of the premises formerly occupied by the partnership. The complaint further sought the recovery from Frederick and Samuel of the money withdrawn by them as salary as above set forth. It was alleged that they had abused their discretion as directors and had acted to their own advantage in occupying said premises without rental and in withdrawing said sums and that it would be an idle act to make demand upon them or the corporation for relief. Regarding the status of the shares of the capital stock standing in the name of Isaac, it was alleged that "said shares do now constitute part of the estate of said Isaac D. Klopstock, deceased". It was further alleged that "at the time of the death of said Grace E. Klopstock, she was entitled to all or part of the estate of said Isaac D. Klopstock, deceased" including said shares. Plaintiff prayed for a judgment "that said defendants Frederick Klopstock and Samuel Klopstock do pay unto said defendant corporation" a sum alleged to be due as rental and that said defendants "restore and repay to said defendant corporation" a sum alleged to have been withdrawn by said defendants as above set forth. As above indicated, the judgment entered by the trial court was one in favor of the "Estate of Isaac D. Klopstock, deceased, and the personal representative of said deceased and said estate"

Appellants contend that the evidence was insufficient to support a judgment against appellants in favor of the corporation or any person but owing to the conclusions which we have reached on other points, it appears unnecessary to discuss the foregoing contention. We may assume, without deciding, that the pleading and proof would have been sufficient to sustain a judgment in favor of the defendant corporation in an action brought by the defendant corporation or by one entitled to institute such an action on behalf of the corporation.

There can be no doubt that the action was in the nature of derivative action on behalf of the corporation. Re-

spondent's complaint sought judgment in favor of the corporation and not in favor of respondent. The nature of such actions has been extensively discussed in the authorities. (See 6A Cal. Jur., p. 804 et seq.; *Anderson* v. *Derrick,* 220 Cal. 770 [32 Pac. (2d) 1078]; *Whitten* v. *Dabney,* 171 Cal. 621 [154 Pac. 312]; *Waymire* v. *San Francisco etc. Ry. Co.,* 112 Cal. 646 [44 Pac. 1086]; *Wickersham* v. *Crittenden,* 93 Cal. 17 [28 Pac. 788]; *Fox* v. *Hale & Norcross S. M. Co.,* 108 Cal. 475 [41 Pac. 328]; *Russell* v. *Weyand,* 5 Cal. App. (2d) 259 [42 Pac. (2d) 381]; *Thomson* v. *Mortgage Investment Co.,* 99 Cal. App. 205 [278 Pac. 468].) As was said in *Whitten* v. *Dabney, supra,* at page 630, ''And here again it becomes necessary to call attention to the fact that these plaintiffs have no personal wrongs for which they are entitled to seek redress in this action. 'The stockholder does not bring such a suit because *his* rights have been *directly* violated, or because the cause of action *is his* or because *he* is entitled to the relief sought. He is permitted to sue in this manner *simply in order to set in motion the judicial machinery of the court.'* (3 Pomeroy's Equity, 3d, sec. 1095.) . . . What is the exact situation of a plaintiff in such an action? He is a trustee pure and simple, seeking in the name of another a recovery for wrongs that have been committed against that other. His position in the litigation is in every legal sense the precise equivalent of that of the guardian *ad litem.*''

Appellants contend that the judgment is void as it was entered in favor of one not a party to the action. We are of the opinion that said contention must be sustained. Respondent seeks to sustain the judgment upon the ground that when a court of equity has assumed jurisdiction, such court is not limited by the prayer of the complaint in granting relief. The statement of this general rule is not, however, a sufficient answer to appellant's contention. Respondent has cited no authority to show that a judgment for or against one not a party to an action can be sustained and we know of none. The only authorities which have been called to our attention are to the contrary. (*Overell* v. *Overell,* 18 Cal. App. (2d) 499 [64 Pac. (2d) 483]; *Keck* v. *Keck,* 219 Cal. 316 [26 Pac. (2d) 300]; *Stevens* v. *Stevens,* 215 Cal. 702 [12 Pac. (2d) 432]; *Pennell* v. *Superior Court,* 87 Cal. App. 375 [262 Pac. 48]; *Sullivan* v. *Mier,* 67 Cal. 264 [7 Pac. 691]; *Bachman* v. *Sepulveda,* 39 Cal. 688.)

■ Appellants further contend that respondent was not entitled to maintain a derivative action on behalf of the corporation. This point was raised upon argument of the general demurrer and also upon argument of appellants' motion to dismiss made at the opening of the trial. It is also raised on this appeal. Respondent replies that "the discussion is academic for no objection was made by special demurrer to plaintiff's capacity to sue". We do not believe this reply to be sufficient as appellants were not and are not challenging respondent's "legal capacity to sue" generally (Code Civ. Proc., sec. 430, subd. 2), but are challenging the right of respondent to maintain this particular action. We are of the opinion that the latter right could be challenged by general rather than special demurrer and that it was not waived by the failure to interpose a special demurrer. (See *Dixon* v. *Cordozo*, 106 Cal. 506 [39 Pac. 857]; *Lefebure* v. *Baker*, 69 Mont. 193 [220 Pac. 1111]; 21 Cal. Jur., p. 99, sec. 64.)

■ The point which appellants make is that a derivative action on behalf of a corporation may not be brought by an heir or legatee or by the representative of such heir or legatee of a deceased stockholder while the estate of the deceased stockholder is in probate and undistributed. We are of the opinion that this point is well taken. Neither appellants nor respondent have cited any authority directly in point but we can see no justification for extending the right accorded to a stockholder to bring a derivative action on behalf of a corporation to one who may never acquire the right to become a stockholder of record and whose rights as heir or legatee or as representatives of such heir or legatee of a deceased stockholder may be fully protected through the representative of the deceased stockholder. This conclusion is in harmony with the rules declared in section 320 (b), subdivision 2 of the Civil Code. While that section is found in the chapter of the Civil Code dealing with voting rights, it declares that shares standing in the name of a deceased person may be voted "and all rights incident thereto may be exercised . . . only by his executor or administrator". If the executor or administrator of the deceased stockholder refuses to exercise such rights or stands in an adverse position, the remedy of the heir or legatee or the representative of such heir or legatee is to seek the removal or suspension of the executor or administrator and the appointment of a special administrator

with power to conduct the litigation. (11B Cal. Jur., p. 869, sec. 1343.) Respondent claims, however, that the removal or suspension of the executor or administrator as above indicated is not the only remedy, and he cites and relies upon *Landis* v. *First Nat. Bank,* 20 Cal. App. (2d) 198 [66 Pac. (2d) 730]. That case is clearly distinguishable and it is sufficient to point out that it was not concerned with the right to maintain a derivative action on behalf of a corporation.

For the reasons stated, the portions of the judgment from which the appeal was taken must be reversed and it is so ordered.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 19, 1939, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 18, 1939.