[Civ. No. 6170.   Fourth Dist.   July 25, 1960.]

CHARLOTTE HAZELTON, Appellant, v. CITY OF SAN DIEGO et al., Respondents.

F. James Bear, Sankary, Sankary & Horn and David Horn for Appellant.

J. F. DuPaul, City Attorney, Alan M. Firestone, Chief Deputy, and John R. Goodbody, City Attorney (Coronado), for Respondents.

SHEA, J. pro tem.*—This is an appeal from a judgment entered after demurrer to petition was sustained without leave to amend. In her original petition for writ of certiorari, petitioner, appellant herein, sued as a citizen and taxpayer, naming the city of San Diego and individual members of the city council as defendants. The petition was filed on December 26, 1958.

The petition alleges: The city of San Diego, a municipal corporation, has attempted to annex to the city a strip consisting of a "water corridor" in the middle of San Diego Bay, as uninhabited territory; this annexation was completed by filing the approving ordinance with the Secretary of State on September 15, 1954; the territory annexed is a strip six miles long and 600 feet wide, the entire surface of which is water area within the San Diego Bay. (Although the petition alleges the strip to be 600 feet wide, it is conceded in the briefs that the strip as annexed was actually 300 feet wide.) This annexation is hereinafter referred to as the "Tidelands Annexation."

Then as uninhabited territory, defendants annexed the Western Salt Company Tract, which annexation was completed on April 25, 1955. This annexation is contiguous to the southernmost end of the Tidelands Annexation. The Western Salt Company annexation consists of about 750 acres within which is located a plant for the extraction of salt. None of the property is owned by the city of San Diego, and the city of San Diego has made no improvements within the area since the annexation. .It is then alleged that the purpose of the Tidelands Annexation was to provide "fictitious contiguity" from the former boundary of the city of San Diego to the Western Salt Company Tract.

It is next alleged that petitioner and others petitioned the attorney general of the State of California for leave to sue in quo warranto to have the annexations declared invalid. The attorney general denied leave to sue on February 3, 1958. A petition for writ of mandate was then filed to compel the attorney general to grant leave to sue. This petition was denied

*Assigned by Chairman of Judicial Council.

by this court on April 29, 1958, and a petition for hearing in the Supreme Court was denied on June 27, 1958.

In her second cause of action, petitioner realleges the facts pertaining to the Tidelands Annexation, and then alleges that on December 18, 1956, a petition was filed with the city of Imperial Beach for the annexation of certain territory to that city. On January 15, 1957, the city council of Imperial Beach passed a resolution approving the circulation of a petition for the annexation of this territory. On April 2, 1957, a petition signed by qualified electors within the area proposed for annexation was filed with the city, and the city council of Imperial Beach passed a resolution of intention to call a special election for annexation. On April 11, 1957, the city clerk of the city of Imperial Beach found that the signatures on the petition were insufficient. On April 18, 1957, a supplemental petition was filed and the city clerk certified the signatures on the petition and the supplemental petition to be sufficient.

On March 7, 1957, a petition was filed with the city council of the city of San Diego to annex certain territory to the city of San Diego. This annexation is hereinafter referred to as the "South Bay Annexation." On March 20, 1957, the city council of San Diego passed a resolution of intention to annex the South Bay area. Approximately one-half of the area included within the South Bay Annexation is within the area of the Imperial Beach annexation. On April 15, 1957, while the Imperial Beach annexation was still pending before the city council of Imperial Beach, the city council of San Diego passed a resolution of intention to call a special election for the annexation of the South Bay area. (Although it is not alleged in the petition, it is conceded in the briefs that in this election the voters in the South Bay Area approved, by a substantial majority, the annexation of this area to the city of San Diego. It also is conceded that the Imperial Beach annexation failed because of the protests of a majority of property owners.)

The petition thereafter alleges several reasons, which are legal conclusions and argument, why the San Diego annexations are void.

The city of San Diego demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the petitioner was given 20 days to amend. The petitioner then filed a document entitled, "An Amendment to Petition for Writ of Certiorari—Writ of Review." In this document petitioner

alleged "a further and third cause of action," and named the city of Coronado and its city council as additional defendants. After realleging the facts concerning the Tidelands Annexation, the facts as alleged in the amendment to the petition are as follows: On June 25, 1954, at a special meeting of the city council of the city of Coronado, with three of the five councilmen present, a resolution was passed consenting to the withdrawal of territory from the city of Coronado. The area withdrawn was area included within the Tidelands Annexation. The resolution was passed by a 2 to 1 vote. The members of the Coronado city council did not receive written notice at least three hours before the special meeting, and they did not give their written consent to the meeting. Petitioner then alleges that she is a citizen and taxpayer within the South Bay area and that she is one of several persons subject to illegal taxes and assessments levied by the city of San Diego because of these annexations. She again alleges legal conclusions and arguments as to why the annexations are void.

It should be noted that petitioner's amendment to the petition for certiorari does not in any way alter or change the original petition to which a demurrer had previously been sustained. The purported amendment merely alleges a further and third cause of action.

Demurrers were filed by both the city of San Diego and the city of Coronado. Both demurrers were sustained without leave to amend and a judgment of dismissal was entered. Petitioner appeals from that judgment.

Petitioner's prime contention is that the Tidelands Annexation, being the annexation of a strip 300 feet wide and 5 to 6 miles long in the middle of San Diego Bay, is not a "strip of land" such as is required by section 35002.5 of the Government Code to make the annexed territory contiguous; that since the Tidelands Annexation is not contiguous to the city of San Diego it is therefore void. She then contends that since the only contiguity for the Western Salt Company annexation is the void Tidelands Annexation, it, too, has no contiguity to the city of San Diego and is void; and that, in turn, the contiguity depended upon for the South Bay Annexation is the Tidelands Annexation and the Western Salt Company annexation and, since they are void, there is no contiguity to the city of San Diego for the South Bay annexation and it likewise is void.

There are several other points and arguments raised in the

briefs. However, in view of our decision it will not be necessary to recite them further.

The facts show that the Tidelands Annexation was completed on September 15, 1954, the Western Salt Company annexation was completed on April 25, 1955, and the South Bay Annexation was completed on September 13, 1957. (Although this latter date is not alleged in the petition, it is set forth in the petitioner's statement of facts in her opening brief and is conceded.) Thus, since September 13, 1957, these annexations have been procedurally completed, the area has been included within the city of San Diego and that city has exercised municipal dominion over the area.

Under these circumstances, will a writ of review lie to test the validity of the annexation proceedings? No.

■ Where the annexation proceedings have not been completed at the time an action is commenced to test their validity, a writ of review is available to a private citizen within the area. (*Miller & Lux* v. *Board of Supervisors,* 189 Cal. 254 [208 P. 304]; *City of Anaheim* v. *City of Fullerton,* 102 Cal. App.2d 395, 401 [227 P.2d 494]; *County of San Mateo* v. *City of Palo Alto,* 168 Cal.App.2d 220 [335 P.2d 1013].)

■ However, where, as here, the proceedings have been completed and the city has been and is exercising dominion over the territory annexed, the territory becomes incorporated within the city and a corporation de facto is created and "none but the State can call its existence in question." (*Tulare Irrigation Dist.* v. *Shepard,* 185 U.S. 1 [22 S.Ct. 531, 536, 46 L.Ed. 773].) ■ A private individual has no legal capacity to attack the fixing or extension of municipal limits. His sole remedy is in quo warranto. (*Coe* v. *City of Los Angeles,* 42 Cal.App. 479 [183 P. 822]; *Crowl* v. *Board of Trustees,* 109 Cal.App. 214 [292 P. 985]; *Keech* v. *Joplin,* 157 Cal. 1, 14 [106 P. 222]; 13 A.L.R.2d 1279, 1284.)

■ The petitioner acknowledges this to be the general rule, but contends that a prohibited or unauthorized annexation is void and being void, no corporation de facto could result and neither the passage of time nor the exercise of municipal functions could make it valid. However, in this case there is no showing that the proceedings conducted by the city of San Diego were prohibited or unauthorized in law. To the contrary, it would appear that the city attempted to comply with the annexation statutes in all of their proceedings. The petitioner's chief complaint is directed toward the manner in which it was done. Suffice it to say that there was a colorable

attempt to comply with the annexation statutes and under the authorities cited above, the petitioner's only remedy is in quo warranto. Since this has previously been denied her, she has exhausted her legal remedy.

In regard to petitioner's contention that certiorari should lie because the annexations were allegedly void, it should be pointed out that in the Coe case cited above, while the court held that the petitioner had no legal capacity to sue, as a citizen and taxpayer, to invalidate a municipal consolidation; nevertheless in subsequent proceedings in quo warranto the same consolidation was declared invalid by the Supreme Court. (*People* v. *City of Los Angeles*, 187 Cal. 56 [200 P. 947].)

In support of her contention, petitioner relies upon the case of *Brown* v. *City Council of Long Beach* ▮(Cal.App.) 258 P. 693. This was a decision in the District Court of Appeal of the Second District of California. After the decision by the District Court of Appeal, a petition for hearing in the Supreme Court was granted. The record does not disclose what disposition was ever made of the case, but no reported decision was ever rendered by the Supreme Court. ▮▮▮ Once a hearing has been granted by the Supreme Court, the decision and opinion of the District Court of Appeal is a nullity and of no effect as a precedent or authoritative statement of law. (*Knouse* v. *Nimocks*, 8 Cal.2d 482 [66 P.2d 438] ; *Ponce* v. *Marr*, 47 Cal.2d 159 [301 P.2d 837].) The Brown case, relied upon by petitioner, is no authority for any purpose.

While we are inclined to feel that all of the annexation proceedings were in compliance with the law, in view of the foregoing decision it will not be necessary to consider any of the other points raised on this appeal.

The motion for temporary restraining order is denied.

The judgment is affirmed.

Shepard, Acting P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied August 19, 1960, and appellant's petition for a hearing by the Supreme Court was denied September 14, 1960. ·