[Civ. No. 21227. Fourth Dist., Div. Two. May 5, 1980.]

HILLS FOR EVERYONE, Plaintiff and Appellant, v.
LOCAL AGENCY FORMATION COMMISSION OF
ORANGE COUNTY et al., Defendants and Respondents.

**COUNSEL**

Robert M. Myers for Plaintiff and Appellant.

Adrian Kuyper, County Counsel, James R. Flournoy, Deputy County Counsel, Rutan & Tucker, Leonard A. Hampel and Jeffrey M. Oderman for Defendants and Respondents.

---

OPINION

TAMURA, J.—This appeal concerns the proper method of testing the validity of a completed city annexation where the challenge is grounded on an alleged failure of the Local Agency Formation Commission to comply with the requirements of the California Environmental Quality Act (CEQA; Pub. Resources Code, § 21000 et seq.) and the Knox-Nisbet Act (Gov. Code, § 54773 et seq.).[1]

Petitioner, an unincorporated association, filed a petition for writ of mandate to compel respondent Local Agency Formation Commission (LAFCO) of Orange County to set aside its approval of a proposal to annex 3,979 acres of unincorporated territory in northeastern Orange County to the City of Yorba Linda and to enjoin the city from proceeding with the annexation.[2] Petitioner alleged that LAFCO failed to conduct an initial study to determine whether the project may have a significant effect on the environment as required by CEQA and failed to give consideration to the factors set forth in the Knox-Nisbet Act before approving the proposal. The trial court granted respondents' motion for summary judgment on the ground that quo warranto was the only means by which the validity of the annexation could be tested inasmuch as the annexation had been completed before the mandate proceeding was instituted. Petitioner appeals from the ensuing judgment for respondents.

The annexation proceedings were conducted and completed pursuant to the provisions of the Municipal Organization Act of 1977 (Gov. Code, § 35000 et seq.; hereafter MOA). The city initiated the proceedings on June 5, 1978, by adopting a resolution requesting LAFCO approval of the proposed annexation. The resolution and supporting documents, including a negative declaration, were transmitted to LAFCO. The proposal was set for public hearing before LAFCO for

---

[1]The Knox-Nisbet Act provides for the creation of a Local Agency Formation Commission in each county and defines its purposes and powers.

[2]The territory was uninhabited and all of the landowners had consented to the annexation.

July 26, 1978, on which date the hearing was continued to August 9, 1978. Among those who testified at the hearing on August 9 were several individuals who identified themselves as members of petitioner. At the conclusion of the hearing, LAFCO approved the proposal. LAFCO's resolution recited that the commission had considered the relevant factors, including those·specified by the Knox-Nisbet Act, and had reviewed and considered the negative declaration issued by the city. On August 21, 1978, the city council adopted a resolution ordering the annexation and transmitted a certified copy to LAFCO. On August 22, 1978, the executive officer of LAFCO prepared, executed and recorded a certificate of completion. Under the terms of MOA, an annexation is completed and becomes effective as of the date of recordation of the certificate of completion. (Gov. Code, §§ 35353, 35354.)

Petitioner filed the instant mandate proceeding on September 7, 1978. Although no summons, order to show cause or alternative writ was ever issued, in January 1979 respondents answered and moved for dismissal of the action and for summary judgment on the following grounds: (1) An in rem proceeding pursuant to chapter 9, title 10, part 2 of the Code of Civil Procedure (Code Civ. Proc., § 860 et seq.; hereafter validating statute)[3] is the exclusive means by which the validity of

---

[3]The pertinent provisions of the Code of Civil Procedure validating statute are as follows: Code of Civil Procedure section 860 provides: "A public agency may upon the existence of any matter which under any other law is authorized to be determined pursuant to this chapter, and for 60 days thereafter, bring an action in the superior court of the county in which the principal office of the public agency is located to determine the validity of such matter. The action shall be in the nature of a proceeding in rem."

Code of Civil Procedure section 861 provides: "Jurisdiction of all interested parties may be had by publication of summons pursuant to Section 6063 of the Government Code in a newspaper of general circulation designated by the court, published in the county where the action is pending and whenever possible within the boundaries of the public agency, and in such other counties as may be ordered by the court, and if there be no such newspaper in any such county or counties then in some adjoining county. In addition, prior to completion of such publication, the agency shall, to the extent which the court finds reasonably practicable, give notice of the pendency of the proceeding by mail or other means ordered by the court."

Code of Civil Procedure section 861.1 provides: "The summons shall be directed to 'all persons interested in the matter of [specifying the matter],' shall contain a notice to all persons interested in the matter to appear and answer the complaint not later than the date specified in the summons, which date shall be 10 or more days after the completion of publication of the summons. Except as otherwise specified in this section such summons shall be in the form prescribed in Section 412.20."

Code of Civil Procedure section 862 provides: "Jurisdiction shall be complete after the date specified in the summons. Any party interested may, not later than the date specified in the summons, appear and contest the legality or validity of the matter sought to be determined."

a completed annexation under MOA may be tested (Gov. Code, § 35005),[4] and, therefore, petitioner's failure to prepare, publish, serve and file proof of service of the summons in the form and within the period required by the validating statute (Code Civ. Proc., § 863) compelled dismissal; (2) assuming the nonexclusivity of the remedy provided by the validating statute, a quo warranto proceeding by the Attorney General was the only other means by which the validity of the completed annexation could have been tested; and (3) petitioner lacked standing to maintain the action because it was brought without the authority or consent of its members. Petitioner contended that inasmuch as its attack upon the annexation was grounded on LAFCO's alleged failure to comply with CEQA and the Knox-Nisbet Act and not for any violation of the provisions of MOA, compliance with the validating statute was not required. Petitioner further argued that quo warranto was not the exclusive remedy because annexation had not been completed when the mandate proceeding was instituted.

At the hearing on the motions for dismissal and for summary judgment, it was established without contradiction that the annexation had been completed more than two weeks before petitioner filed its mandate petition. In the circumstances, the court ruled that quo warranto was the exclusive means by which the validity of the annexation could be tested and granted respondents' motion for summary judgment.

On this appeal, petitioner contends that although the annexation proceedings were completed before the mandate petition was filed, neither quo warranto nor an action pursuant to the validating statute was the

Code of Civil Procedure section 863 provides: "If no proceedings have been brought by the public agency pursuant to this chapter, any interested person may bring an action within the time and in the court specified by Section 860 to determine the validity of such matter. The public agency shall be a defendant and shall be served with the summons and complaint in the action in the manner provided by law for the service of a summons in a civil action. In any such action the summons shall be in the form prescribed in Section 861.1 except that in addition to being directed to 'all persons interested in the matter of [specifying the matter],' it shall also be directed to the public agency. If the interested person bringing such action fails to complete the publication and such other notice as may be prescribed by the court in accordance with Section 861 and to file proof thereof in the action within 60 days from the filing of his complaint, the action shall be forthwith dismissed on the motion of the public agency unless good cause for such failure is shown by the interested person."

[4]Government Code section 35005 provides: "An action to determine the validity of any city incorporation, municipal reorganization, or any city change of organization completed pursuant to this part shall be brought pursuant to Chapter 9 (commencing with Section 860) of Title 10 of Part 2 of the Code of Civil Procedure."

exclusive remedy. Petitioner argues that inasmuch as the main attack upon LAFCO approval of the annexation proposal was grounded on CEQA violations, mandate was the procedure prescribed by CEQA to review LAFCO's action. Petitioner contends that Government Code section 35005 making the validating statute the procedure for testing the validity of a completed municipal annexation applies only where the attack is based on asserted violations of MOA and further, assuming the applicability of the validating statutes, that it would be improper to affirm the judgment for petitioner's failure to pursue that remedy because the trial court based its decision on the sole ground that quo warranto was the exclusive remedy and never passed on the question whether "good cause" may have existed for petitioner's failure to comply with the requirements of the validating statute.

■ For reasons expressed below, we have concluded that the validity of a completed municipal annexation under MOA may be tested only by an in rem proceeding under the validating statute or by a quo warranto proceeding. Since the remedy sought to be invoked was neither, the court properly granted summary judgment in favor of respondents.

I

Government Code section 35005 provides that any "action to determine the validity of any city incorporation, municipal reorganization, or any city change of organization *completed* pursuant to [MOA] *shall* be brought" pursuant to the provisions of the validating statute. (Italics supplied; Code Civ. Proc., § 860 et seq.) Code of Civil Procedure section 863 provides that if a validating action has not been brought by the public agency, any interested person may bring an action pursuant to the statute to determine the validity of the matter in question. The summons must be in a prescribed form and must be directed to all persons interested in the matter and to the public agency and must be published for the period and in the manner prescribed by the statute. (Code Civ. Proc., § 863.) If the person bringing the action fails to complete the publication of the summons and to give such other notice as the court may require and to file proof thereof "within 60 days from the filing of his complaint, the action shall be forthwith dismissed on the motion of the public agency unless good cause for such failure is shown by the interested person." (Code Civ. Proc., § 863.)

Apparently under the misapprehension that the annexation had not been completed,[5] petitioner disregarded the mandate of Government Code section 35005. Instead of bringing an in rem action under the validating statute, it brought an in personam mandate proceeding. One of the grounds on which respondents sought dismissal and summary judgment was petitioner's failure to comply with the procedural requirements of the validating statute within the period prescribed by Code of Civil Procedure section 863. Petitioner nevertheless made no attempt to show "good cause" for failure to comply with the validating statute or to seek relief from default for its failure to do so. On the record before it, therefore, if the validating statute governed, the trial court was required to dismiss the action pursuant to Code of Civil Procedure section 863. (*Community Redevelopment Agency* v. *Superior Court* (1967) 248 Cal.App.2d 164, 174 [56 Cal.Rptr. 201].)

■ Petitioner contends, however, that it was not required to proceed under the validating statute because the attack upon LAFCO's approval of the annexation proposal was based on CEQA violations. The contention lacks merit. If the annexation had not been completed as petitioner mistakenly thought, the mandate procedure utilized by petitioner would have been proper. (See *Bozung* v. *Local Agency Formation Com.* (1975) 13 Cal.3d 263, 271-272 [118 Cal.Rptr. 249, 529 P.2d 1017].) But since the annexation was completed and effective before the action was filed, the only method of testing the validity of the annexation, whatever the basis for the challenge, was either an action in compliance with the validating statute or a quo warranto proceeding by the Attorney General.

Important policy considerations underlie the MOA requirement that a completed annexation be tested by an in rem proceeding under the validating statute.[6] A uniform procedure for prompt resolution of the validity of a completed annexation by an in rem action is necessary in order to settle any questions respecting the city's jurisdiction over the annexed territory, including any uncertainties respecting the applicable land use regulations, or the city's responsibility to provide police, fire and other municipal services to the area. The procedure prescribed by

---

[5] In its points and authorities in opposition to the motion to dismiss and for summary judgment, petitioner argued that mandate was the proper remedy because the annexation had not been completed when the action was filed.

[6] An action under the validating statute is "in the nature of a proceeding in rem." (Code Civ. Proc., § 860.)

the validating statute assures due process notice to all interested persons and settles the validity of the annexation once and for all by a single lawsuit.

Petitioner argues that CEQA governs the nature of the action to be utilized because it is a special statute whose provisions prevail over the general validating statute.[7] In the first place, while CEQA prescribes the scope of judicial review (Pub. Resources Code, §§ 21168, 21168.5), it does not make mandamus the exclusive procedure by which the validity of a governmental action may be challenged for alleged violation of its provisions. Attacks upon governmental actions on CEQA grounds have been mounted and considered in actions for injunction (e.g., *People v. County of Kern* (1974) 39 Cal.App.3d 830 [115 Cal.Rptr. 67]; *Residents Ad Hoc Stadium Committee v. Board of Trustees* (1979) 89 Cal.App.3d 274 [152 Cal.Rptr. 585]), and declaratory relief (e.g., *Cooper v. County of Los Angeles* (1975) 49 Cal.App.3d 34 [122 Cal. Rptr. 464, 76 A.L.R.3d 1210]; *Residents Ad Hoc Stadium Committee v. Board of Trustees, supra,* 89 Cal.App.3d 274). In *Bozung v. Local Agency Formation Com., supra,* 13 Cal.3d 263, 271-272, the Supreme Court implicitly recognized quo warranto proceedings as a means of testing the validity of a municipal annexation on CEQA grounds. More importantly, it is the nature of the governmental action being challenged rather than the basis for the challenge that determines the procedure to be utilized. Although grounded on alleged violation of CEQA, petitioner's action is one seeking to invalidate a completed municipal annexation; it is not just an action to review and set aside LAFCO approval of a proposed annexation. Petitioner should have proceeded under the validating statute and its action was subject to dismissal for failure to do so.

Petitioner's contention that the judgment may not be affirmed on the ground it failed to follow the procedure prescribed by the validating

---

[7]Petitioner contends that where there is a conflict between CEQA and the provisions of the validating statute the former should prevail because it is a special statute, citing *Walters v. County of Plumas* (1976) 61 Cal.App.3d 460, 469 [132 Cal.Rptr. 174], where the court stated by way of a dictum that the statute of limitations prescribed in CEQA would take precedence over the general statute of limitations in the validating statute. In the case at bench, there is no statute of limitations issue; respondents do not contend that petitioner's action was not timely filed. Nor is there any conflict between the two statutes respecting the procedural requirements of the validating statute. We find no inconsistency in the requirements of the two statutes. It should also be noted that *Walters* was not an action to test the validity of a completed city annexation. It is doubtful whether the *Walters* dictum should extend to such actions.

statute because that was not the ground on which the trial court based its decision is likewise without merit. ■ It is a settled principle of appellate review that a trial court's ruling or decision which is correct in law will not be disturbed on appeal merely because it was given for a wrong reason; if the decision is "'right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion.'" (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 19 [112 Cal.Rptr. 786, 520 P.2d 10], quoting *Davey v. Southern Pacific Co.* (1931) 116 Cal. 325, 329 [48 P. 117]; *Estate of Cooke* (1976) 57 Cal.App.3d 595, 605 [129 Cal.Rptr. 354].) ■ As we pointed out earlier, one of respondents' grounds for the motion to dismiss and for summary judgment was petitioner's failure to proceed under the validating statute. Although petitioner had the opportunity to do so, it did not seek to be relieved from its failure to comply with the validating statute or make any attempt to show good cause for noncompliance. Furthermore unlike *City of Ontario v. Superior Court* (1970) 2 Cal.3d 335, 345 [85 Cal.Rptr. 149, 466 P.2d 693], the question whether the validating statute applies to the present case does not present "a complex and debatable" issue. Government Code section 35005 is clear and explicit; it provides that an action to "determine the validity of...any city change of organization *completed* pursuant to this part shall be brought pursuant to Chapter 9 (commencing with Section 860) of Title 10 of Part 2 of the Code of Civil Procedure." (Italics supplied.)

## II

The only means other than the validating statute by which the completed annexation could have been tested was the traditional quo warranto proceeding by the Attorney General in the name of the People of the State of California.[8]

Before the enactment of MOA, quo warranto was the only means by which the validity of an annexation could be tested after it had been

---

[8]Code of Civil Procedure section 803 provides: "An action may be brought by the attorney-general, in the name of the people of this state, upon his own information, or upon a complaint of a private party, against any person who usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, or any franchise, or against any corporation, either de jure or de facto, which usurps, intrudes into, or unlawfully holds or exercises any franchise, within this state. And the attorney-general must bring the action, whenever he has reason to believe that any such office or franchise has been usurped, intruded into, or unlawfully held or exercised by any person, or when he is directed to do so by the governor."

completed. (*People* v. *City of Palm Springs* (1958) 51 Cal.2d 38, 41 [331 P.2d 4]; *Amer. Distl. Co.* v. *City Council, Sausalito*, 34 Cal.2d 660, 667 [212 P.2d 704, 18 A.L.R.2d 1247]; *City of Campbell* v. *Mosk* (1961) 197 Cal.App.2d 640, 646 [17 Cal.Rptr. 584]; *Hazelton* v. *City of San Diego* (1960) 183 Cal.App.2d 131, 135 [6 Cal.Rptr. 723].) Once the annexation has been completed, "the territory becomes incorporated within the city and a corporation de facto is created and 'none but the State can call its existence in question.' [Citation.] A private individual has no legal capacity to attack the fixing or extension of municipal limits. His sole remedy is in quo warranto." (*Hazelton* v. *City of San Diego, supra*, 183 Cal.App.2d 131, 135.) The foregoing principle was unaffected by the enactment of CEQA. (See *Bozung* v. *Local Agency Formation Com., supra*, 13 Cal.3d 263, 271-272.)

Although MOA now affords an interested private individual a means of testing the validity of a completed annexation, this does not preclude a quo warranto proceeding. The availability of other statutory remedies ordinarily does not foreclose a proceeding in the nature of quo warranto by the Attorney General. (See *Powers* v. *Hitchcock* (1900) 129 Cal. 325, 326-327 [61 P. 1076]; *Citizens Utilities Co.* v. *Superior Court* (1976) 56 Cal.App.3d 399, 405 [128 Cal.Rptr. 582].) The proceeding brought by petitioner was manifestly not one in quo warranto.

CONCLUSION

Petitioner having failed to pursue either of the two proper remedies to test the validity of the completed annexation, the court properly granted respondents' motion for summary judgment.

Judgment affirmed.

Gardner, P. J., and Kaufman, J., concurred.