[Civ. No. 21526. Fourth Dist., Div. Two. Sept. 11, 1980.]

ENVIRONMENTAL COALITION OF ORANGE COUNTY, INC., et al., Plaintiffs and Appellants, v.
LOCAL AGENCY FORMATION COMMISSION OF ORANGE COUNTY, Defendant and Respondent;
KAUFMAN AND BROAD HOMES, INC., et al., Real Parties in Interest and Respondents.

Counsel

Frank J. D'Oro, Jr., and R. A. Bender for Plaintiffs and Appellants.

Adrian Kuyper, County Counsel, and Edward N. Duran, Deputy County Counsel, for Defendant and Respondent.

Brown, Winfield & Canzoneri, Thomas F. Winfield III and Mark E. Tracy for Real Parties in Interest and Respondents.

Opinion

TAMURA, Acting P. J.—Plaintiffs (three nonprofit environmental and homeowner organizations) sought a writ of mandate to require defendant, the Local Agency Formation Commission of Orange County (LAFCO), to annul its certification of an environmental impact report (EIR) and prepare a more comprehensive EIR on a proposal for annexation of property to the City of Anaheim. Plaintiffs appeal from a judgment denying the petition for writ of mandate.

The City of Anaheim applied for LAFCO approval of an annexation project involving approximately 1,264 acres of unincorporated territory in northeastern Orange County. The project was sponsored by real party in interest Kaufman and Broad Homes, Inc. (Kaufman) which held an option to develop portions of the proposed annexation area. LAFCO was designated "lead agency" for the project pursuant to the California

Environmental Quality Act (CEQA, Pub. Resources Code, § 21000 et seq.). As the lead agency, LAFCO was required to prepare an EIR on the project (Pub. Resources Code, § 21165), and to issue a certificate determining whether or not the project was in compliance with the provisions of CEQA (Pub. Resources Code, § 21152) and indicating its approval or disapproval of the project. LAFCO completed an EIR entitled "Santa Ana Canyon Annexation Number 7 to the City of Anaheim" (EIR-7), and held a public hearing on the proposed annexation on January 10, 1979. Plaintiffs appeared at the hearing and complained that EIR-7 was inadequate and out of compliance with CEQA requirements. On January 11, 1979, LAFCO filed a notice of determination indicating its approval of the project and certifying that EIR-7 complied with CEQA.

On February 8, 1979, plaintiffs petitioned for a writ of mandamus pursuant to Public Resources Code section 21167, subdivision (c), to compel LAFCO to annul its certification of EIR-7 and to require the agency to prepare a new EIR for the annexation project. The petition named LAFCO as the only defendant. The City of Anaheim was not designated a defendant, nor was the city given notice that such a petition had been filed. The record also fails to show any attempt on the part of plaintiffs to obtain an injunction or stay order to prevent the annexation from going forward. An alternative writ of mandate was issued on February 9, 1979, ordering LAFCO to annul its determination or show cause why it should not. Both LAFCO and real party in interest Kaufman answered the petition and also demurred and moved to dismiss. The demurrers were overruled, the motions to dismiss denied, and after two continuances, a hearing on the writ was held on April 27, 1979.

While the petition for writ of mandate was pending in superior court, the City of Anaheim proceeded with the annexation of the unincorporated area which had been the subject of EIR-7. Pursuant to the Municipal Organization Act of 1977 (MOA, Gov. Code, § 35001 et seq.), the city approved the proposed annexation by resolution on March 20, 1979, and notified LAFCO of its action. (Gov. Code, §§ 35030, 35201.) LAFCO, in compliance with MOA, checked the city's resolution to determine that it was technically correct, prepared and executed a "certificate of completion" for the project and filed a certificate with the county recorder on April 6, 1979. (Gov. Code, §§ 35350, 35352.) The annexation was completed on the execution of

the certificate of completion and became effective on filing. (Gov. Code, §§ 35352, 35353, 35354.)

At the show cause hearing, plaintiffs argued that EIR-7 was statutorily inadequate and thus invalid. They also maintained that both LAFCO as lead agency and the City of Anaheim as a "responsible agency"[1] were required under former Public Resources Code section 21167.3[2] to issue only a conditional approval of the EIR-7 project, and were prohibited from completing the annexation while a timely action or proceeding questioning the compliance of the project's EIR with CEQA was pending. On May 8, 1979, the trial court denied the peremptory writ in a minute order. It stated "the provisions of section 21167.3 are clear and certain. However, the Court would have hesitancy in applying the mandates of said code section to the City Council of

---

[1]According to Public Resources Code section 21069, a "responsible agency" "means a public agency, other than the lead agency, which has responsibility for carrying out or approving a project."

[2]Public Resources Code section 21167.3 was added to CEQA by Statutes 1977, chapter 1200, section 19, effective January 1, 1978. At that time, and when the instant action was filed, the statute provided: "If an action or proceeding alleging that an environmental impact report does not comply with the provisions of this division is commenced during the period described in subdivision (c) of Section 21167, responsible agencies shall assume that the environmental impact report for a project does comply with the provisions of this division and shall issue a conditional approval or disapproval of such project according to the timetable for agency action in Article 5 (commencing with Section 65950) of Chapter 4.5 of Division 1 of Title 7 of the Government Code. A conditional approval shall constitute permission to proceed with a project when and only when such action or proceeding results in a final determination that the environmental impact report does comply with the provisions of this division."

The statute was amended by Statutes 1979, chapter 81, section 6, urgency effective May 24, 1979. It now provides: "(a) If an action or proceeding alleging that an environmental impact report does not comply with the provisions of this division is commenced during the period described in subdivision (c) of Section 21167, and if an injunction is issued prohibiting the project from being carried out or approved pending final determination of the issue of such compliance, responsible agencies shall assume that the environmental impact report for the project does comply with the provisions of this division and shall issue a conditional approval or disapproval of such project according to the timetable for agency action in Article 5 (commencing with Section 65950) of Chapter 4.5 of Division 1 of Title 7 of the Government Code. A conditional approval shall constitute permission to proceed with a project when and only when such action or proceeding results in a final determination that the environmental impact report does comply with the provisions of this division.

"(b) In the event that an action or proceeding is commenced as described in subdivision (a) but no injunction is sought and granted, responsible agencies shall assume that the environmental impact report for the project does comply with the provisions of this division and shall approve or disapprove the project according to the timetable for agency action in Article 5 (commencing with Section 65950) of Chapter 4.5 of Division 1 of Title 7 of the Government Code. Such approval shall constitute permission to proceed with the project at the applicant's risk pending final determination of such action or proceeding."

Anaheim regarding their annexation procedure without at least proof of service on them of petitioner's request for a writ of mandamus prior to annexation. [¶] Because of the Court's ruling on the merits of the writ itself it does not answer the question set forth above." The judgment denying the peremptory writ of mandamus stated that substantial evidence had been presented to support LAFCO's decision and to establish that the agency had proceeded in the manner required by law.

Plaintiffs filed a motion for reconsideration of the order denying the peremptory writ of mandate. In their points and authorities in support of the motion, plaintiffs stated that they were preparing to file a lawsuit against the City of Anaheim pursuant to the validating statute of the Code of Civil Procedure, section 860 et seq., seeking to annul the city's unconditional approval of the subject annexation in contravention of Public Resources Code section 21167.3 and enjoining future unconditional approval of the annexation pending a final determination of the instant action. They further stated, "[i]t is petitioner's belief that their right to relief was to be determined by the facts as they existed at the time relief was sought. However, it may be that the fact that the annexation was unconditionally approved denied this court the power to issue an order against respondent LAFCO that would have an effect upon the City of Anaheim. However, the action against the City of Anaheim will effectively remove that contingency since the relief sought in that action will pray that the City comply with Public Resources Code, § 21167.3 pending a final determination in the instant action." The motion for reconsideration was denied.

Plaintiffs filed a complaint against the City of Anaheim, its council members, LAFCO, and all other interested persons pursuant to the validation statute on May 21, 1979.[3] The city and county demurred to all causes of action contained in the complaint. Real party in interest Kaufman demurred and moved to quash summons and dismiss the action for lack of personal jurisdiction. The court granted the motion to quash for lack of jurisdiction over the subjects of the suit due to faulty constructive service of summons by publication but granted plaintiffs 45 days to file a noticed motion for an application for republication. Plaintiffs, however, took no further action in the validation proceeding.

---

[3]The lawsuit under the validation statute challenging the adequacy of EIR-7 was case No. 313624 in the Superior Court of Orange County. This court takes judicial notice of the entire court record of that lawsuit pursuant to Evidence Code sections 452, subdivision (d), and 453.

On this appeal from the judgment denying the writ of mandate, plaintiffs raise numerous contentions concerning the adequacy of EIR-7 to support the subject annexation and EIR-7's compliance with the requirements of CEQA. As we explain below, however, we have concluded that the mandate proceeding has become moot and that the appeal must be dismissed.

## DISCUSSION

■ "[A]n action which originally was based upon a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed." (6 Witkin, Cal. Procedure (2d ed. 1971) § 462, p. 4418, citing, e.g., *Consol. etc. Corp.* v. *United A. etc. Workers* (1946) 27 Cal.2d 859, 863 [167 P.2d 725]; *Cal-Pac. T. etc. Co.* v. *Cal. M. etc. Syn.* (1936) 17 Cal.App.2d 353, 354 [61 P.2d 1181].)

"Government Code section 35005 provides that any 'action to determine the validity of any city incorporation, municipal reorganization, or any city change of organization *completed* pursuant to [MOA] *shall* be brought' pursuant to the provisions of the validating statute. (Italics supplied; Code Civ. Proc., § 860 et seq.) Code of Civil Procedure section 863 provides that if a validating action has not been brought by the public agency, any interested person may bring an action pursuant to the statute to determine the validity of the matter in question. The summons must be in a prescribed form and must be directed to all persons interested in the matter and to the public agency and must be published for the period and in the manner prescribed by the statute. (Code Civ. Proc., § 863.) If the person bringing the action fails to complete the publication of the summons and to give such other notice as the court may require and to file proof thereof 'within 60 days from the filing of his complaint, the action shall be forthwith dismissed on the motion of the public agency unless good cause for such failure is shown by the interested person.' (Code Civ. Proc., § 863.)" (*Hills for Everyone* v. *Local Agency Formation Com.* (1980) 105 Cal.App.3d 461, 466[4] [164 Cal.Rptr. 420].)

---

[4]The only means other than the validating statute by which the completed annexation could have been tested was the traditional quo warranto proceeding by the Attorney General in the name of the People of the State of California. (Code Civ. Proc., § 803; *Hills for Everyone* v. *Local Agency Formation Com., supra,* 105 Cal. App.3d 461, 469.)

In the matter before us, plaintiffs brought a suit against the defendants herein and the City of Anaheim to test the validity of the completed annexation pursuant to the validation statute but they failed to complete publication as prescribed by the Code of Civil Procedure. The summons was quashed and the complaint was dismissed without prejudice. They were given 45 days in which to apply for republication but they made no further attempt to pursue their action under the validating statute. Nor is there any indication that the Attorney General plans to grant leave to plaintiffs to institute a quo warranto suit in the name of the People questioning this annexation. ▋ Since plaintiffs have failed to pursue their grievance against the City of Anaheim, their appeal on the issue of the merits of the EIR-7 prepared by LAFCO is moot. A reversal of the judgment would not accomplish the "practical effect" which they seek—that of causing the annexation to be annulled —and so the appeal must be dismissed. (*Consol. etc. Corp.* v. *United A. etc. Workers, supra,* 27 Cal.2d 859, 863. Cf. *Long* v. *Hultberg* (1972) 27 Cal.App.3d 606, 609 [103 Cal.Rptr. 19]; see also, *Guardianship of Baby Boy M.* (1977) 66 Cal.App.3d 254, 276 [135 Cal.Rptr. 866]; *National Assn. of Wine Bottlers* v. *Paul* (1969) 268 Cal.App.2d 741, 746 [74 Cal.Rptr. 303].)

Plaintiffs contend that the issues raised by their appeal are not mooted by their failure to name and serve the City of Anaheim in the mandate proceeding or by the dismissal of their suit under the validating statute. They argue that their right to relief must be determined by the facts as they existed at the time the mandamus proceeding was commenced, citing *American Distl. Co.* v. *City Council, Sausalito,* (1950) 34 Cal.2d 660 [212 P.2d 704, 18 A.L.R.2d 1247]; *Bozung* v. *Local Agency Formation Com.* (1975) 13 Cal.3d 263 [118 Cal.Rptr. 249, 529 P.2d 1017]; and *Hills for Everyone* v. *Local Agency Formation Com., supra,* 105 Cal.App.3d 461. In defense of their failure to name the City of Anaheim as a party in the writ proceeding or to take steps to delay the annexation pending determination of the suit, plaintiffs state that "[w]hen this action was filed, there appeared to be no need for an injunction: there was no imminent, *irreversible* activity which Appellants felt required to enjoin. Since an action under CEQA receives preference on the calendar (Pub. Resources Code, § 21167.1) and is a summary proceeding (Code Civ. Proc., § 1094.5), Appellants anticipated that no party other than Respondent LAFCO would be acting upon Annexation No. 7. Appellants underestimated the willingness of Respondent LAFCO to allow the City of Anaheim to approve An-

nexation No. 7 and to administratively complete the annexation while it was a party to this action." (Original italics.)

Two of the cases plaintiffs cite in support of their argument are inapposite to the case at bench. In *Hills for Everyone v. Local Agency Formation Com.*, *supra*, 105 Cal.App.3d 461, this court dealt with a petition for a writ of mandamus pursuant to CEQA which was filed *after* the completion of the subject annexation. We ruled that only the validating statute and proceedings in quo warranto were available to challenge a completed annexation. (*Id.*, at pp. 466-467.) In *American Distl. Co. v. City Council, Sausalito*, *supra*, 34 Cal.2d 660, a peremptory writ was *granted* plaintiffs *before* the completion of an annexation project. Our Supreme Court affirmed the issuance of the writ, noting that the writ procedure was proper since the remedy of quo warranto (then the exclusive method for challenging a completed annexation) had not yet matured. (*Id.*, at pp. 666-667.)

*Bozung v. Local Agency Formation Com.*, *supra*, 13 Cal.3d 263, though its primary focus is the resolution of the issue of the relationship between CEQA and the Knox-Nisbet Act (Gov. Code, § 54773 et seq., dealing with the formation and purposes of local agency formation commissions), does deal with the use of mandate proceedings in a posture very similar to that of the instant case. In *Bozung*, plaintiffs filed a petition for a writ of mandate challenging a local agency formation commission's failure to prepare an EIR before approving an annexation by the City of Camarillo. Though the petition was filed at least four days before completion of the annexation, the trial court subsequently sustained a demurrer to the petition. On appeal, defendants contended that a petition for a writ of mandate would not lie because the annexation was complete and quo warranto was the proper remedy to challenge its validity. The Supreme Court concluded that a proceeding in mandate was proper because the annexation was not complete when the petition was filed. (*Id.*, at pp. 271-272.)

Despite the points of similarity between *Bozung* and the instant matter, the two cases differ in one very significant respect. In *Bozing*, the City of Camarillo was a defendant. Plaintiffs asked for a writ to "compel LAFCO to set aside its annexation approval and to prevent Camarillo from enacting the annexation ordinance." (*Id.*, at p. 270.) In the case at bench, however, plaintiffs neither named the City of Anaheim as a party, nor otherwise gave it notice of the challenge to the adequacy of the EIR upon which approval of the annexation rested.

Nor did they seek to enjoin the city from proceeding with the annexation during the pendency of the mandate proceedings.

Since the City of Anaheim was not made a party to the instant action, calling the city to task in this action for its alleged failure to adhere to the former Public Resources Code section 21167.3 (see fn. 2, *ante*) relating to conditional approvals of projects would be a denial of due process. (See, e.g., *Lambert* v. *California* (1957) 355 U.S. 225 [2 L.Ed.2d 228, 78 S.Ct. 240]; *Twining* v. *New Jersey* (1908) 211 U.S. 78 [53 L.Ed. 97, 295 S.Ct. 14]; 5 Witkin, Summary of Cal. Law (8th ed. 1974) § 291, pp. 3581-3582.) ■ "Jurisdiction over the parties is necessary for the validity of any judgment in personam" (1 Witkin, Cal. Procedure (2d ed. 1970) § 75, p. 599, citing Code Civ. Proc., § 1917, and numerous cases) and due process, involving notice and opportunity for a hearing is essential to jurisdiction. (*Id.*, at § 78, p. 603.) A judgment cannot be rendered against one who is not a party to an action. (See, e.g., *Samter* v. *Klopstock Realty Co.* (1939) 31 Cal.App.2d 532, 536 [88 P.2d 250]; *Overell* v. *Overell* (1937) 18 Cal.App.2d 499, 502 [64 P.2d 483]; 4 Witkin, Cal. Procedure (2d ed. 1971) § 125, pp. 3198-3199.) ■ A judgment in this action thus could not require the city to annul its completed annexation. Clearly, then, the issues concerning EIR-7's adequacy and its compliance with CEQA raised in this appeal are moot. Plaintiffs' mistaken belief that they had plenty of time to stop the annexation after obtaining a peremptory writ of mandamus against LAFCO is not a legal justification for their failure to join the City of Anaheim or otherwise seek a stay of the annexation proceedings.

This appeal is ordered dismissed for mootness on the court's own motion.[5] In the interest of justice, it is ordered that each side bear its own costs on appeal.

Kaufman, J., and Morris, J., concurred.

---

[5]Plaintiff's motion to introduce additional evidence on appeal is denied.