Filed 7/31/23  WVJP 2017-2 v. Kohan CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| WVJP 2017-2 LP, a California Limited Partnership, | E078457 |
| Plaintiff and Respondent, | (Super.Ct.No. CVPS2103085) |
| v. | OPINION |
| NEJAT KOHAN, | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Kira L. Klatchko, Judge.

Appeal Dismissed.

Nejat Kohan, in pro. per., for Defendant and Appellant.

Wilson Elser Moskowitz Edelman & Dicker and Casey Zareh Donoyan for

Plaintiff and Respondent.

1

## I. INTRODUCTION

In 2014, a judgment in excess of $4 million was entered against defendant and appellant Nejat Kohan (Kohan), arising out of a civil action in the Los Angeles County Superior Court. Plaintiff and respondent WVJP 2017-2 (WVJP) is the assignee of the judgment. As part of WVJP's efforts to enforce the judgment, it filed an application in the Riverside County Superior Court pursuant to Code of Civil Procedure[1] section 704.740 et seq., seeking an order to sell property in which Kohan held an ownership interest (the property). The trial court granted the application in September 2021, and denied a motion for reconsideration of its order in December.

In February 2022, Kohan filed a notice of appeal from the order denying the motion for reconsideration, arguing that the trial court erred by refusing to independently make a factual finding inconsistent with findings already made against Kohan in the proceedings before the Los Angeles County Superior Court. We requested the parties provide supplemental briefing on issues related to our appellate jurisdiction, including: (1) whether the appeal was taken from an appealable order, (2) the timeliness of the appeal, and (3) the proper scope of our appellate review. Additionally, WVJP filed a motion to dismiss the appeal on the basis that the property has been sold, rendering the appeal moot.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

2

We conclude that the appeal must be dismissed because we lack appellate jurisdiction and, even if we had jurisdiction to review the merits, the appeal has been rendered moot by the sale of the property.

## II. PROCEDURAL HISTORY

In 2014, a judgment in excess of $4 million was entered against Kohan in a civil action filed in the Los Angeles County Superior Court. In 2019, WVJP obtained an assignment of the judgment.

In 2020, WVJP sought an order in the Los Angeles County Superior Court pursuant to section 708.510 et seq., seeking an assignment of Kohan's rights to payment from various sources of income. In opposition to this motion, Kohan acknowledged that he held an interest in real property located in Riverside County, but he claimed that rental income from the property could not be assigned to WVJP because the property was already encumbered by a deed of trust in favor of Kohan's brother as security for a loan. However, Kohan simultaneously claimed that income from his law practice could not be assigned to WVJP because the income was being used to pay a judgment in favor of his brother, arising from the same loan. The Los Angeles County Superior Court granted WVJP's request for an assignment order. As part of its findings in support of the order, the trial court found that the property in Riverside County could not be encumbered by the deed of trust in favor of Kohan's brother because Kohan's brother had already elected a remedy by obtaining a money judgment instead of foreclosing on the deed.

In 2021, WVJP filed an application seeking an order to sell the property located in Riverside County as part of its efforts to enforce the judgment. On September 29, 2021,

3

the trial court granted the application and issued the requested order (sale order). The sale order was entered into the minutes, and the clerk of the court served notice of entry that same date.[2]

On October 8, 2021, WVJP filed a motion for reconsideration of the sale order. On December 7, the trial court entered an order denying appellant's motion for reconsideration and ordered the clerk of the court to give notice. The clerk filed a certificate of mailing on December 9, and WVJP served written notice the following day.

On January 27, 2022, the trial court entered a formal written order conforming to the sale order that had already been entered into the minutes.

On February 1, 2022, appellant filed a notice of appeal, purporting to appeal from an order entered on December 7, 2021.

On September 12, 2022, WVJP filed a motion to dismiss the appeal, informing this court that the property was sold pursuant to the sale order in April 2022. Kohan filed an opposition to the motion, but did not dispute the underlying fact that the property had been sold.

---

[2] Kohan omitted the actual order and the clerk's certificate of mailing from the record on appeal, instead attaching only what purports to be the trial court's "tentative ruling." However, the register of actions indicates that: the trial court's order was entered into the minutes on September 29, 2021; the clerk filed a certificate of mailing that same date; and the parties subsequently litigated a motion for reconsideration of that order. Notably, even after we requested supplemental briefing on the issue of appellate jurisdiction and timeliness, Kohan did not claim lack of notice or any defect in service of the order in his supplemental brief.

4

### III.  DISCUSSION

In this case, we decline to reach the merits of any of Kohan's arguments on appeal because we conclude that the appeal must be dismissed.  As we explain, we lack appellate jurisdiction to review Kohan's claims, and we further conclude that the issues raised on appeal are moot in light of the sale of the property.

A.  *We Lack Appellate Jurisdiction to Review Kohan's Claims*

"A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment."  (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.)  If it is "determined that the appeal is from a nonappealable order . . . [,] the reviewing court is without appellate jurisdiction," and "that court has no recourse other than to dismiss the appeal on its own motion."  (*Efron v. Kalmanovitz* (1960) 185 Cal.App.2d 149, 152; *In re Javier G.* (2005) 130 Cal.App.4th 1195, 1201 ["A reviewing court lacks jurisdiction to consider appeals from a nonappealable order, and has the duty to dismiss such appeals."].)

In this case, Kohan's notice of appeal purports to appeal from a postjudgment order entered December 7, 2021.  The only order entered on that date was the trial court's order denying WVJP's motion for reconsideration.  However, "[d]enial of a motion for reconsideration is not an appealable order."  (*People v. Safety National Casualty Corp.* (2010) 186 Cal.App.4th 959, 973; *Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1576 ["The majority of courts addressing the issue have concluded an order denying a motion for reconsideration is not appealable . . . ."].)

Given this record, we requested supplemental briefing specifically requesting that the parties address whether the appeal had been properly taken from an appealable order. In response, Kohan filed a supplemental brief, which merely argued that the sale order was directly appealable but ignored the fact that his notice of appeal identified only the order denying reconsideration as the order from which his appeal was taken. We recognize that a notice of appeal " 'must be liberally construed' " and, in some cases, it is appropriate to construe a notice of appeal from a nonappealable order as an appeal from an underlying, related order. (See *Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 20-22 ["A reviewing court should construe a notice of appeal from an order denying a new trial to be an appeal from the underlying judgment when it is reasonably clear the appellant intended to appeal from the judgment and the respondent would not be misled or prejudiced."].) However, as we explain, the rule of liberal construction cannot be utilized to confer appellate jurisdiction in this case.

Like the requirement that an appeal be taken from an appealable order, "a timely notice of appeal is a prerequisite to appellate court jurisdiction." (*Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 852; see *Bourhis v. Lord* (2013) 56 Cal.4th 320, 324-325 ["The time to file notice of appeal, both in civil and criminal cases, has always been held jurisdictional in California."].) " 'An untimely notice of appeal is "wholly ineffectual: The delay cannot be waived, it cannot be cured by nunc pro tunc order, and the appellate court has no power to give relief, but must dismiss the appeal on motion of a party or on its own motion." ' " (*In re Chavez* (2003) 30 Cal.4th 643, 650; *Ellis v. Ellis*

6

(2015) 235 Cal.App.4th 837, 842 [" 'If a notice of appeal is not timely, the appellate court must dismiss the appeal.' "].)  Thus, an appeal from the denial of a motion for reconsideration will not be construed as an appeal from the related underlying order, if such an appeal would have been untimely.  (*Crotty v. Trader* (1996) 50 Cal.App.4th 765, 768-771 [dismissal of appeal from order denying reconsideration where appeal from underlying judgment would have been untimely]; *Alioto Fish Co. v. Alioto* (1994) 27 Cal.App.4th 1669, 1682 [dismissal of appeal from order denying reconsideration where appeal would be untimely if construed as an appeal from the underlying order subject of reconsideration]; *Annette F. v. Sharon S.* (2005) 130 Cal.App.4th 1448, 1453 [same].)

As relevant here, a timely notice of appeal must be filed within 60 days after service of notice of entry of the order subject of the appeal.  (Cal. Rules of Court, rule 8.104(a), (e).)  The sale order was entered in the minutes on September 29, 2021, and the clerk of the court mailed notice that same date.  Instead of appealing from the sale order, appellant opted to appeal from an order denying a motion for reconsideration pursuant to section 1008, subdivision (a).[3]  While the filing of a valid motion for reconsideration operates to extend the time to file a notice of appeal, it does so only until the *earliest* of: (1) 30 days after the superior court clerk or party serves an order denying reconsideration; (2) 90 days after the first motion to reconsider is filed; or (3) 180 days after entry of the

---

[3] The time to file a notice of appeal and the time to file a motion for reconsideration are both triggered by service of notice of entry of the order.  (Cal. Rules of Court, rule 8.104(a), (e); § 1008, subd. (a).)

7

appealable order. (Cal. Rules of Court, rule 8.108(e).) In this case, the motion for reconsideration was filed October 8 and denied December 7, and notice of the order denying the motion was served on December 9, 2021. Thus, the time to appeal from the sale order entered September 29, 2021 expired in January 2022.[4] Because the time to appeal from the sale order entered on September 29, 2021 had already expired when Kohan filed his notice of appeal in February 2022, the notice of appeal cannot be construed as an appeal from the sale order.

With respect to the issue of timeliness, the only argument advanced by Kohan is that his time to appeal did not begin to run until a formal order had been prepared and filed in January 2022.[5] However, " '[t]he date of entry of an appealable order which is entered in the minutes shall be the date of its entry in the permanent minutes, unless such minute order as entered expressly directs that a written order be prepared, signed and

---

[4] Because the motion for reconsideration was filed in October 2021, 90 days from the date of filing of the motion would fall in January 2022. (Cal. Rules of Court, rule 8.108(e)(2).) Further, because notice of the order denying reconsideration was served in December 2021, 30 days from the date of service of this order would also fall in January 2022. (*Id.* at rule 8.108(e)(1).)

[5] In his written oral argument, Kohan claimed for the first time that he failed to receive proper notice of the sale order. However, an appellant cannot raise a new issue for the first time in oral argument, and the issue is deemed forfeited. (*Pinter-Brown v. Regents of University of California* (2020) 48 Cal.App.5th 55, 95; *New Plumbing Contractors, Inc. v. Nationwide Mutual Ins. Co.* (1992) 7 Cal.App.4th 1088, 1098.) Further, even absent forfeiture, Kohan has not sought to augment the record with the clerk's certificate of mailing or a declaration to provide record support for this claim, and "[a]ppellate courts cannot act upon assertion of facts in briefs if they are not disclosed by the record." (*People v. United Bonding Ins. Co.* (1969) 272 Cal.App.2nd 441, 447; *Falcon v. Long Beach Genetics, Inc.* (2014) 224 Cal.App.4th 1263, 1267 [We disregard factual assertions unsupported by the record.].)

filed . . . ." (*Hughey v. City of Hayward* (1994) 24 Cal.App.4th 206, 208-209, Cal. Rules of Court, rule 8.104(c)(2).)  While the Rules of Court provide that the prevailing party will submit a proposed written order for the trial court's signature following any noticed motion (rule 3.1312(a), (b)), rule 8.104 expressly states that such a written order does not govern the time for when an appeal must be filed.  (Cal. Rules of Court, rule 8.104(c)(2) [A written order prepared under rule 3.1312 is not an order prepared at the direction of the court for purposes of calculating the entry date of an appealable order.].)  As this court has unambiguously explained:  "the preparation and entry of a written order under rule 3.1312 does not reset the entry date of an . . . order that has been entered in the minutes. . . .  [T]he [appellant's] time to appeal started running . . . when the . . . order was entered in the minutes, and not . . . when the formal order was entered."  (*Gassner v. Stasa* (2018) 30 Cal.App.5th 346, 356-357; see *Cuenllas v. Vrl Int'l* (2001) 92 Cal.App.4th 1050, 1053.).)  Thus, we disagree with Kohan's position that his time to appeal from the sale order did not begin to run until the date a formal, written order was filed.[6]

---

[6]  In his written oral argument, Kohan also claimed for the first time that the formal written order "substantially modified" the prior minute order, requiring us to construe the formal written order as the appealable order.  Kohan also filed a motion to augment the record to support this new argument, which we denied.  Again, we deem the issue forfeited for failure to raise it in any of his appellate briefs prior to oral argument.  (*Applied Materials v. Workers' Comp. Appeals Bd.* (2021) 64 Cal.App.5th 1042, 1080, fn. 16 [" 'We do not consider arguments that are raised for the first time at oral argument.' "].)  Even absent forfeiture, Kohan does not contend that the purported modifications in the trial court's formal, written order are related to any of the issues Kohan now challenges on appeal to justify a departure from the general rule that the time to appeal begins to run upon entry of an order in the minutes.

Because the appeal has been taken from a nonappealable order denying reconsideration, and the notice of appeal cannot be construed as a timely appeal from the underlying order subject of reconsideration, we lack appellate jurisdiction to review Kohan's claims and must dismiss the appeal.

B. *The Appeal Is Moot*

WVJP has also moved to dismiss the appeal on the ground that the appeal is now moot. We conclude this is a separate and independent ground in support of dismissal of Kohan's appeal.

" '[A]n action which originally was based upon a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' " (*Environmental Coalition of Orange County*, *Inc. v. Local Agency Formation Com.* (1980) 110 Cal.App.3d 164, 170; see *Calleros v. Rural Metro of San Diego*, *Inc.* (2020) 58 Cal.App.5th 660, 667.)

WVJP has notified this court that the property subject of the sale order challenged on appeal was sold in April 2022,[7] and that Kohan has not moved to set aside the sale within the time proscribed by statute. Kohan does not dispute these facts in opposition to WVJP's motion to dismiss. An appeal from an order for sale of a dwelling becomes moot when the property is sold during the pendency of the appeal. (*First Federal Bank of California v. Fegen* (2005) 131 Cal.App.4th 798, 801.) Under such circumstances, an

---

[7] There is no automatic stay of a sale order pending appeal, and enforcement of such an order is only stayed if the appellant posts an undertaking. (§ 917.4.)

10

appellate court "cannot fashion any order which would have the effect of reversing the trial court's order of sale or otherwise preventing the sale of the [p]roperty." (*Ibid.*; *City of Riverside v. Horspool* (2014) 223 Cal.App.4th 670, 682-683 [Appellant's "failure to post an undertaking on appeal left the trial court free to grant the receiver's application for an order to sell the property," and there is "no relief we can grant" after the receiver sells the property to a purchaser.].) We therefore agree with WVJP that Kohan's appeal has been rendered moot by subsequent events.

Kohan argues in opposition to the motion to dismiss that we should reach the merits of his appeal despite the sale of the property because (1) the matter is one of recurring and broad public interest, and (2) he has remedies available to him under section 701.680 et seq. due to irregularities in the sale of the property. We decline to do so.

The procedure for obtaining an order for sale of a dwelling is strictly regulated by a comprehensive statutory scheme (§ 704.740 et seq.) and has been the subject of numerous published decisions by the courts of appeal (see *Meyer v. Sheh* (2022) 74 Cal.App.5th 830, 837-839 [summarizing statutory and case authority on subject]). In our view, there is sufficient guidance for parties and trial courts to resolve controversies such as the one presented in this case. More importantly, the dispute raised in Kohan's appeal—the resolution of encumbrances prior to permitting the sale of real property—is the type of dispute that typically requires consideration of specific facts on a case-by-case basis. Thus, this is not the type of case typically considered under the continuing broad public interest exception to the mootness doctrine. (*MHC Operating Limited Partnership*

11

*v. City of San Jose* (2003) 106 Cal.App.4th 204, 214-215 [Cases that " 'must be resolved on a case-by-case basis' " and require " ' "practical considerations in the context of a particular litigation" ' " do not fall within the public interest exception.].)

Second, the remedies under section 701.680, subdivision (c), require initiating a separate action in the superior court.[8] (§ 701.680, subd. (c)(1), (c)(2).) Thus, even if such remedies are available to Kohan, they are not remedies that this court can grant Kohan in this appeal. Because the property subject of the trial court's sale order has been sold during the pendency of the appeal, Kohan's appeal is moot. This is an additional and independent ground in support of dismissal.

## IV. DISPOSITION

WVJP's motion to dismiss is granted, and the appeal is dismissed. Because we decline to reach the merits of Kohan's appeal, his request for judicial notice in support of the arguments raised on appeal is denied. Respondent is to recover its costs on appeal. (Cal. Rules of Court, rule 8.278.)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

CODRINGTON
Acting P. J.

RAPHAEL
J.

---

[8] Indeed, in his written oral argument, Kohan concedes that he intends to seek these remedies upon resolution of his appeal.