TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

XAVIER BECERRA
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 19-701 |
| of | : | February 7, 2020 |
| XAVIER BECERRA Attorney General | : | |
| LAWRENCE M. DANIELS Deputy Attorney General | : | |

_____

Proposed relator, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL 1319, AFL-CIO, requests leave to sue proposed defendant the CITY OF PALO ALTO in quo warranto on the following question:

Should the repeal of the Palo Alto city charter's binding arbitration provision, which governed disputes with public safety employee unions, be invalidated on the ground that the City of Palo Alto failed to consult in good faith with Local 1319 before placing the repeal measure on the ballot?

CONCLUSION

Leave to sue is GRANTED to determine whether to invalidate the repeal of the Palo Alto city charter's binding arbitration provision on the ground that the City of Palo Alto failed to consult in good faith with Local 1319 before placing the repeal measure on the ballot.

ANALYSIS

**Introduction and Synopsis**

Although the legal remedy of quo warranto—which generally requires the Attorney General's approval to invoke—is most commonly used to contest a person's entitlement to hold a public office,[1] it may also be used to contest the validity of a city or county charter provision.[2]  The quo warranto application in this matter falls within the latter category and comes to us after the completion of other, related litigation.

In an administrative unfair labor practice action brought by a local firefighters' union against a city, the union challenged the city's repeal—via voter initiative—of a city charter provision that had previously given the union a right to binding arbitration in its labor relations with the city.  The union alleged that the city had refused to consult or bargain with the union before placing the charter repeal amendment on the ballot, in violation of state labor law.  The administrative board, and later a reviewing court, agreed with the union on the substance of its claims, but also held that quo warranto is the sole legal remedy for invalidating the amendment in question and that the union must therefore pursue a separate quo warranto action to achieve invalidation.  The union now seeks our authorization to pursue the quo warranto action to which it has been directed.

To authorize a quo warranto action, we must find: (1) that quo warranto is the appropriate remedy under the circumstances, (2) that the proposed relator has raised a substantial issue of law or fact that warrants a judicial resolution, and (3) that allowing the proposed quo warranto action to proceed will serve the public interest.  Here, we find that all three conditions exist, and we therefore grant the union's quo warranto application.

**Factual Background**

On July 17, 1978, the voters of the City of Palo Alto ("City") amended the city charter to add article V, entitled "Compulsory Arbitration for Fire and Police Department Employee Disputes."  This article:  prohibited City firefighters and police officers from engaging in strikes; obligated the City to negotiate with police and firefighter union representatives in good faith; and, upon declaration of an impasse, required disputes involving wages, hours, or other terms and conditions of employment to be submitted to a

---

[1]  See, e.g., 101 Ops.Cal.Atty.Gen. 70 (2018); 99 Ops.Cal.Atty.Gen. 74 (2016); 98 Ops.Cal.Atty.Gen. 94 (2015).

[2]  See, e.g., 96 Ops.Cal.Atty.Gen. 1 (2013); 76 Ops.Cal.Atty.Gen. 169 (1993); 74 Ops.Cal.Atty.Gen. 77 (1991).

three-member board of arbitrators for a binding decision ("binding arbitration provision").[3]

About 33 years later, on July 18, 2011, the Palo Alto City Council adopted a resolution to place a measure on the ballot (Measure D) to repeal article V.[4]

On July 28, 2011, shortly after the city council's resolution, proposed relator the International Association of Firefighters, Local 1319, AFL-CIO ("Local 1319") filed an unfair labor practice charge with the Public Employment Relations Board ("the Board") alleging that the City failed to consult in good faith with it before placing Measure D on the ballot in violation of the Meyers-Milias-Brown Act ("MMBA").[5]

---

[3] https://www.cityofpaloalto.org/civicax/filebank/documents/26574.

[4] https://www.cityofpaloalto.org/civicax/filebank/documents/28263.

[5] *International Assn. of Firefighters, Local 1319, AFL-CIO v. City of Palo Alto* (2014) Public Employment Relations Board Dec. No. 2388-M [39 PERC ¶ 25] (*PERB I*); see Gov. Code, §§ 3500-3511 (the MMBA).

The MMBA "governs collective bargaining and employer-employee relations for most California local public entities, including cities, counties, and special districts." (*Coachella Valley Mosquito & Vector Control Dist. v. California Public Employment Relations Bd.* (2005) 35 Cal.4th 1072, 1077.) Its "purpose is to provide a reasonable method of resolving disputes between public employers and public employee organizations regarding wages, hours, and other terms and conditions of employment." (*City of Los Angeles v. Superior Court* (2013) 56 Cal.4th 1086, 1092, citing Gov. Code, § 3500, subd. (a).)

The Board is "a quasi-judicial administrative agency" that has "exclusive initial jurisdiction over complaints alleging unfair labor practices violating the MMBA." (*County of Los Angeles v. Los Angeles County Employee Relations Com.* (2013) 56 Cal.4th 905, 916.)

Local 1319 is an "employee organization" that represents the City's employees classified as Fire Apparatus Operator, Fire Fighter, Fire Captain, Fire Inspector, Hazardous Materials Specialist, and Hazmat Inspector. (See Gov. Code, § 3501, subd. (a)(1) [for purposes of the MMBA, an "[e]mployee organization" is "[a]ny organization that includes employees of a public agency and that has as one of its primary purposes representing those employees in their relations with that public agency"]; *PERB I, supra*, 39 PERC ¶ 25 ["here, the recognized employee organization seeking to enforce its MMBA consultation rights [Local 1319] represents firefighters"]; https://firefightersofpaloalto.com/about/who-we-are [Local 1319 "is dedicated to protecting the employment rights and working conditions of the sworn men and women [who] have committed their careers to serving the citizens of Palo Alto"].)

3

On November 8, 2011, while the complaint before the Board was pending, the City's voters enacted Measure D.[6]

On August 6, 2014, the Board issued a decision concluding that the City violated the MMBA by refusing to consult in good faith with Local 1319 before eliminating the binding arbitration provision from the city charter and ordered the city council to rescind its resolution placing Measure D on the ballot.[7]  The Board noted that it had no authority to overturn the results of the municipal election, finding that a quo warranto action afforded that remedy.[8]

The City then petitioned for a writ of extraordinary relief from the Board's decision to the Sixth Appellate District of the California Court of Appeal.[9]

On November 23, 2016, the Court of Appeal upheld the Board's decision that the City had violated the MMBA, but annulled the Board's remedy ordering the city council to rescind its resolution, holding that the remedy offended the constitutional doctrine of separation of powers.[10]  The court determined that the Board could nonetheless restore the parties to the "status quo ante" by declaring the city council's resolution void and remanded

---

[6] *City of Palo Alto v. Public Employment Relations Bd.* (2016) 5 Cal.App.5th 1271, 1285 (*Palo Alto*).

[7] *Palo Alto*, *supra*, 5 Cal.App.5th at pp. 1286-1287; see *PERB I*, *supra*, 39 PERC ¶ 25 (also ordering, among other remedies, that the City consult in good faith with Local 1319 over any changes to rules for the administration of employer-employee relations and post a notice of the Board's order at worksites for 30 workdays).

[8] *PERB I*, *supra*, 39 PERC ¶ 25 ("quo warranto writ is the exclusive remedy to attack procedural regularity by which charter amendments are put before electorate"), citing *International Assn. of Fire Fighters v. City of Oakland* (1985) 174 Cal.App.3d 687, 698. "At the time [Local 1319] filed its unfair practice complaint with the Board, an action in quo warranto was not yet available" because "[t]he election had not occurred and the charter had not yet been amended," so Local 1319 "could not have filed an action in superior court." (*Palo Alto*, *supra*, 5 Cal.App.5th at p. 1317.)

[9] *Palo Alto*, *supra*, 5 Cal.App.5th at p. 1278; see Gov. Code, § 3509.5, subds. (a), (b) ("Any . . . respondent . . . aggrieved by a final decision or order of [the Board] in an unfair practice case . . . may petition for a writ of extraordinary relief from that decision or order . . . in the district court of appeal . . . .  The court shall have jurisdiction . . . to make and enter a decree enforcing, modifying, and enforcing as modified, or setting aside in whole or in part the decision or order of the board").

[10] *Palo Alto*, *supra*, 5 Cal.App.5th at pp. 1296, 1310-1316, 1320.

4

the matter to the Board to consider this remedial option.[11]  The court further determined that quo warranto was the only procedure to actually invalidate Measure D and stated that Local 1319 "may separately elect to pursue the remedy of an action in quo warranto with the trial court."[12]

On April 10, 2017, on remand from the Court of Appeal, the Board withdrew its order for the city council to rescind its resolution placing Measure D on the ballot and entered a declaration that the resolution was void.[13]

Local 1319 now applies to sue the City in quo warranto to invalidate Measure D. As we will explain, Local 1319 has met the requirements for judicial resolution of its claim in a quo warranto action.

### Quo Warranto Is the Exclusive Remedy to Invalidate the Charter Amendment

Code of Civil Procedure section 803 codifies the legal remedy known as quo warranto.  The section provides, in pertinent part, that "[a]n action may be brought by the attorney-general, in the name of the people of this state . . . upon a complaint of a private party . . . against any corporation . . . which usurps, intrudes into, or unlawfully holds or exercise any franchise, within this state."[14]  As a charter city, the City of Palo Alto is a public "corporation."[15]  "Franchise" means "right" or "privilege"[16] and includes a city charter.[17]  It follows that "quo warranto may lie to determine whether a public corporation is unlawfully holding or exercising a right or privilege ('franchise'), and, in this connection,

---

[11] *Palo Alto*, *supra*, 5 Cal.App.5th at pp. 1317-1320.

[12] *Palo Alto*, *supra*, 5 Cal.App.5th at p. 1320.

[13] *International Assn. of Firefighters, Local 1319, AFL-CIO v. City of Palo Alto* (2017) Public Employment Relations Board Dec. No. 2388a-M [41 PERC ¶ 162] (*PERB II*).

[14] Code Civ. Proc., § 803.

[15] *San Mateo County v. City Council of City of Palo Alto* (1959) 168 Cal.App.2d 220, 221 (Palo Alto "is a municipal corporation and a charter city"); 82 Ops.Cal.Atty.Gen. 6, 6 (1999) (in a quo warranto action, referring to the City of Redondo Beach as "a chartered municipal corporation"); see also 80 Ops.Cal.Atty.Gen. 242, 242 (1997) (referring to the City of South Gate as a "general law municipal corporation").

[16] 80 Ops.Cal.Atty.Gen. 279, 281 (1997).

[17] 76 Ops.Cal.Atty.Gen., *supra*, at p. 171.

5

it is an appropriate remedy by which to challenge the validity of the process by which a city or county charter was enacted or amended."[18]

Specifically, an employee organization of a charter city, with the Attorney General's permission, may sue the city in quo warranto to challenge the validity of a charter amendment on the ground that the city unlawfully exercised its franchise by placing the amendment on the ballot without first complying with the MMBA's consultation requirements.[19] As the Court of Appeal found here, "an action in quo warranto is the exclusive remedy to challenge the ballot initiative to repeal article V of the city charter" on the ground that the City did not consult in good faith with Local 1319 before placing Measure D on the ballot.[20]

Given that the legal remedy of quo warranto is the appropriate one to resolve issues of the sort presented here, we now consider whether the particular facts and circumstances surrounding this application support granting leave to sue. In making this determination, we do not attempt to decide the merits of the claim; rather, we ascertain whether the proposed relator has raised a substantial issue of fact or law warranting judicial resolution, and, if so, whether allowing a quo warranto action to proceed would serve the overall public interest.[21]

**A Substantial Issue of Fact or Law Warrants Judicial Resolution**

There is undoubtedly a substantial issue of fact or law warranting judicial resolution in this case. The Court of Appeal affirmed the Board's ruling that the City violated Government Code section 3507 of the MMBA by failing to consult in good faith with Local 1319 before placing Measure D on the ballot.[22]

---

[18] 96 Ops.Cal.Atty.Gen. 36, 39 (2013), fns. omitted.

[19] Code Civ. Proc., § 803; *Palo Alto*, *supra*, 5 Cal.App.5th at p. 1320; *People ex rel. Seal Beach Police Officers' Assn. v. City of Seal Beach* (1984) 36 Cal.3d 591, 595 & fn. 3; *Boling v. Public Employment Relations Bd.* (2019) 33 Cal.App.5th 376, 384-386; 96 Ops.Cal.Atty.Gen., *supra*, at pp. 1-3; 95 Ops.Cal.Atty.Gen. 31, 32 (2012); 76 Ops.Cal.Atty.Gen., *supra*, at pp. 171-173.

[20] *Palo Alto*, *supra*, 5 Cal.App.5th at p. 1320.

[21] *Rando v. Harris* (2014) 228 Cal.App.4th 868, 879; 93 Ops.Cal.Atty.Gen. 144, 145 (2010).

[22] *Palo Alto*, *supra*, 5 Cal.App.5th at p. 1296; see Gov. Code, § 3507, subd. (a)(5) ("A public agency may adopt reasonable rules and regulations after consultation in good faith with representatives of a recognized employee organization or organizations for the

6

The appellate court explained that "section 3507 operates to restrict a public agency from adopting reasonable rules and regulations for the administration of employer-employee relations unless it has a 'consultation in good faith' with recognized employee organizations" about "'procedures for the resolution of disputes involving wages, hours and other terms and conditions of employment.'"[23] The court found that as to this dispute, "it is clear that the City failed to meet its obligation to consult in good faith" regarding the repeal of the binding arbitration provision—a procedure for the resolution of disputes involving terms and conditions of employment—since "no meeting occurred at all . . . ."[24] The court specifically instructed that Local 1319 "may separately elect to pursue the remedy of an action in quo warranto with the trial court" to invalidate Measure D based on the City's failure to consult.[25]

Given the court's rulings on the City's violation of the MMBA and on the propriety of the quo warranto remedy to challenge Measure D, we conclude that Local 1319 has presented a substantial issue of fact or law: whether a writ of quo warranto should issue to overturn Measure D on account of the City's violation of the MMBA.

**Resolving This Issue by Quo Warranto Would Serve the Public Interest**

Finally, we further conclude that the issue of the validity of voter-approved Measure D is a matter of public interest, and that permitting the requested quo warranto action would serve this public interest. Ordinarily, we view the need to resolve a substantial question of fact or law as constituting a sufficient public purpose to warrant granting leave to sue in quo warranto.[26] And here, as Local 1319 points out, "the public has an interest in ensuring charter amendments are validly enacted in accordance with the law and securing stable employer-employee relations."[27] We agree.

---

administration of employer-employee relations under this chapter. [¶] The rules and regulations may include provisions for all of the following: . . . (5) Additional procedures for the resolution of disputes involving wages, hours and other terms and conditions of employment").

[23] *Palo Alto*, *supra*, 5 Cal.App.5th at p. 1293, quoting Gov. Code, § 3507, subd. (a)(5).

[24] *Palo Alto*, *supra*, 5 Cal.App.5th at p. 1296.

[25] *Palo Alto*, *supra*, 5 Cal.App.5th at p. 1320.

[26] 98 Ops.Cal.Atty.Gen., *supra*, at p. 101; 97 Ops.Cal.Atty.Gen. 50, 56 (2014).

[27] See *Boling v. Public Employment Relations Bd.* (2018) 5 Cal.5th 898, 918-919 (permitting a city official to intentionally violate the MMBA's consultation requirements "would seriously undermine the policies served by the statute: fostering full communication between public employers and employees, as well as improving personnel

7

**Response to the City's Laches Argument**

The City asserts that we should nevertheless deny the application based on the equitable doctrine of laches. We decline to do so. The defense of laches requires unreasonable delay in asserting an equitable right, plus either acquiescence of the plaintiff or prejudice to the defendant caused by the delay.[28] While the City calls attention to the time gap between the Board's final decision on April 10, 2017, and the quo warranto application filed on July 12, 2019, Local 1319 disputes that this interval created an inordinate delay. Instead, it asserts that it relied on the Board's continued monitoring of its order for compliance and on the City's respecting the "status quo ante" of compulsory arbitration, up until February 1, 2019, at which point the City's counsel indicated that binding interest arbitration would not be restored absent quo warranto.[29]

At this stage, however, it is unnecessary to resolve whether, under these facts, Local 1319 unreasonably delayed in bringing the application, because no acquiescence or prejudice appears. The City has not given any reason to believe that Local 1319 acquiesced in the City's refusal to consult. To the contrary, Local 1319 asserted its right of consultation to the City and the Board prior to the city council's resolution, then to the Court of Appeal after Measure D's passage, and now to us in an application in quo warranto. Likewise, the City does not show it has suffered prejudice from any delay in bringing the quo warranto application. In fact, no bargaining impasse has occurred between the parties since Measure D's repeal of the binding arbitration provision, and nothing indicates that the City has detrimentally relied on the repeal. Further, with the current labor contract set to expire on June 30, 2021,[30] there is the potential for an imminent impasse, which, absent Measure D, would trigger the need for binding arbitration. Consequently, we reject the City's related suggestion that the claim has become stale.[31]

---

management and employer-employee relations").

[28] *Miller v. Eisenhower Medical Center* (1980) 27 Cal.3d 614, 624; *Cal. School Employees Assn., Tustin Ch. No. 450 v. Tustin Unified School Dist.* (2007) 148 Cal.App.4th 510, 521.

[29] See *Palo Alto*, *supra*, 5 Cal.App.5th at p. 1317.

[30] See https://www.cityofpaloalto.org/civicax/filebank/documents/6938.

[31] See *People ex rel. Black v. Bailey* (1916) 30 Cal.App. 581, 584-585; see generally *In re Marriage of Fogarty & Rasbeary* (2000) 78 Cal.App.4th 1353, 1364-1365; https://www.merriam-webster.com/dictionary/stale (defining "stale" as "impaired in legal force or effect by reason of being allowed to rest without timely use, action, or demand").

**Conclusion**

Accordingly, leave to sue in quo warranto is GRANTED to determine whether City of Palo Alto Measure D is invalid because the City failed to consult in good faith with Local 1319 before the measure was placed on the ballot.

*****

9